UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LUCIO L. ALVARES,
on behalf of himself and all others similarly situated, and
LUCIO VENTURA, ANIBAL JERONIMO,
CARLOS A. PORTILLO AMAYA,
ROBERTO A. ESPERANZA, and
JOSE HERNANDEZ MEMBRANO, individually, (SI)

Plaintiffs,

- against -

IBM RESTAURANTS INC., d/b/a MANGIAMO,
ROGER BEDOIAN, an individual,
DANIEL IANNUCCI, an individual, and
VINCENZIO IANNUCI, an individual,

Defendants.
------------------------------------------------------------------X

CASE NO.:

COMPLAINT

**Jury Trial Demanded**

CV-10 5098

SPATT, J.
WALL, M.J.

Plaintiffs, LUCIO L. ALVARES, on behalf of himself and all others similarly situated, and

LUCIO VENTURA, ANIBAL JERONIMO, CARLOS A. PORTILLO AMAYA, ROBERTO A.

ESPERANZA and JOSE HERNANDEZ MEMBRANO, individually, by and through their attorneys,

SHULMAN KESSLER LLP, complaining of the defendants, allege as follows:

## INTRODUCTION

1.      Plaintiffs bring this action seeking monetary damages and affirmative relief based

upon defendants' violations of the Fair Labor Standards Act of 1938 (hereinafter referred to as

"FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the New York Labor Law (hereinafter referred to as

"N.Y. Lab. Law") and other appropriate rules, regulations, statutes and ordinances.

## STATEMENT PURSUANT TO LOCAL RULE 9

2.      For purposes of complying with Local Rule 9, plaintiffs state that they have no

corporate parent, subsidiary or affiliate and that there are no other interested parties.

## JURISDICTION & VENUE

3.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*,
28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §
1367.

4.      This Court has jurisdiction over all state law claims brought in this action pursuant to
28 U.S.C. § 1367.

5.      Defendants do business in the State of New York, within the Eastern District of New
York, maintaining a place of business at 15 New Street, Huntington, New York 11743.

6.      Accordingly, this action properly lies in the Eastern District of New York, pursuant to
28 U.S.C. § 1391.

## THE PARTIES

7.      The plaintiff, LUCIO L. ALVARES, is a resident of the County of Suffolk, State of
New York.

8.      At all times relevant to the complaint, plaintiff, LUCIO L. ALVARES, was an
"employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law
§ 190(2).

9.      The plaintiff, LUCIO VENTURA, is a resident of the County of Nassau, State of New
York.

10.     At all times relevant to the complaint, plaintiff, LUCIO VENTURA, was an
"employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law
§ 190(2).

11.     The plaintiff, ANIBAL JERONIMO, is a resident of the County of Suffolk, State of New York.

12.     At all times relevant to the complaint, plaintiff, ANIBAL JERONIMO, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

13.     The plaintiff, CARLOS A. PORTILLO AMAYA, is a resident of the County of Suffolk, State of New York.

14.     At all times relevant to the complaint, plaintiff, CARLOS A. PORTILLO AMAYA, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

15.     The plaintiff, ROBERTO A. ESPERANZA, is a resident of the County of Suffolk, State of New York.

16.     At all times relevant to the complaint, plaintiff, ROBERTO A. ESPERANZA, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

17.     The plaintiff, JOSE HERNANDEZ MEMBRANO, is a resident of the County of Suffolk, State of New York.

18.     At all times relevant to the complaint, plaintiff, JOSE HERNANDEZ MEMBRANO, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

19.     That the plaintiff, LUCIO L. ALVARES, was employed by the defendants from in or about October of 2008 until in or about August of 2010.

3

20.    That during the course of his employment with the defendants, the plaintiff, LUCIO L. ALVARES, was a kitchen laborer and attended to tables.

21.    That the plaintiff, LUCIO VENTURA, was employed by the defendants from in or about 1998 until in or about August of 2010.

22.    That during the course of his employment with the defendants, the plaintiff, LUCIO VENTURA, was a kitchen laborer and food preparer.

23.    That the plaintiff, ANIBAL JERONIMO, was employed by the defendants from in or about August of 2009 until in or about May of 2010.

24.    That during the course of his employment with the defendants, the plaintiff, ANIBAL JERONIMO, was a kitchen laborer.

25.    That the plaintiff, CARLOS A. PORTILLO AMAYA, was employed by the defendants from in or about March of 2008 until in or about July of 2010.

26.    That during the course of his employment with the defendants, the plaintiff, CARLOS A. PORTILLO AMAYA, was a kitchen laborer.

27.    That the plaintiff, ROBERTO A. ESPERANZA, was employed by the defendants from in or about July of 2006 until in or about August of 2010.

28.    That during the course of his employment with the defendants, the plaintiff, ROBERTO A. ESPERANZA, was a kitchen laborer and food preparer.

29.    That the plaintiff, JOSE HERNANDEZ MEMBRANO, was employed by the defendants from in or about August of 2006 until in or about August of 2010.

30.    That during the course of his employment with the defendants, the plaintiff, JOSE HERNANDZ MEMBRANO, was a kitchen laborer and attended to tables.

4

31.     Upon information and belief, defendant, IBM RESTAURANTS INC., was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

32.     Upon information and belief, defendant, IBM RESTAURANTS INC.'s, principal place of business was and still is at 15 New Street, Huntington, New York 11743.

33.     Upon information and belief, and at all times hereinafter mentioned, the defendant, IBM RESTAURANTS INC., was and still is engaged in the restaurant business.

34.     Upon information and belief, the defendant, IBM RESTAURANTS INC., was doing business as Mangiamo.

35.     Upon information and belief, the defendant, IBM RESTAURANTS INC., is currently doing business as Bel Posto.

36.     At all times hereinafter mentioned, defendant, IBM RESTAURANTS INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

37.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, owns and/or operates the defendant, IBM RESTAURANTS INC.

38.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, is the President of the defendant, IBM RESTAURANTS INC.

39.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, is the Vice-President of the defendant, IBM RESTAURANTS INC.

40.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, is a shareholder of the defendant, IBM RESTAURANTS INC.

41.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, is a corporate officer of the defendant, IBM RESTAURANTS INC.

42.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, is the Chief Executive Officer of the defendant, IBM RESTAURANTS INC.

43.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, is an agent of the defendant, IBM RESTAURANTS INC.

44.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, is a member of the defendant, IBM RESTAURANTS INC.

45.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, has the authority over personnel decisions for the defendant, IBM RESTAURANTS INC.

46.     Upon information and belief, and at all times hereinafter mentioned, the defendant ROGER BEDOIAN, has the authority over payroll decisions for the defendant, IBM RESTAURANTS INC.

47.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, supervised employees of the defendant, IBM RESTAURANTS INC.

48.     Upon information and belief, and at all times hereinafter mentioned, the defendant, ROGER BEDOIAN, has the authority to hire and fire employees for the defendant, IBM RESTAURANTS INC.

49.     At all times hereinafter mentioned, the defendant, ROGER BEDOIAN, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

6

50.     Defendant, ROGER BEDOIAN, has the power to make binding decisions for defendant, IBM RESTAURANTS INC.

51.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, owns and/or operates the defendant, IBM RESTAURANTS INC.

52.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, is the President of the defendant, IBM RESTAURANTS INC.

53.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, is the Vice-President of the defendant, IBM RESTAURANTS INC.

54.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, is a shareholder of the defendant, IBM RESTAURANTS INC.

55.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, is a corporate officer of the defendant, IBM RESTAURANTS INC.

56.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, is the Chief Executive Officer of the defendant, IBM RESTAURANTS INC.

57.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, is an agent of the defendant, IBM RESTAURANTS INC.

58.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, is a member of the defendant, IBM RESTAURANTS INC.

59.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, has the authority over personnel decisions for the defendant, IBM RESTAURANTS INC.

7

60.     Upon information and belief, and at all times hereinafter mentioned, the defendant DANIEL IANNUCCI, has the authority over payroll decisions for the defendant, IBM RESTAURANTS INC.

61.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, supervised employees of the defendant, IBM RESTAURANTS INC.

62.     Upon information and belief, and at all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, has the authority to hire and fire employees for the defendant, IBM RESTAURANTS INC.

63.     At all times hereinafter mentioned, the defendant, DANIEL IANNUCCI, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

64.     Defendant, DANIEL IANNUCCI, has the power to make binding decisions for defendant, IBM RESTAURANTS INC.

65.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, owns and/or operates the defendant, IBM RESTAURANTS INC.

66.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, is the President of the defendant, IBM RESTAURANTS INC.

67.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, is the Vice-President of the defendant, IBM RESTAURANTS INC.

68.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, is a shareholder of the defendant, IBM RESTAURANTS INC.

69.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, is a corporate officer of the defendant, IBM RESTAURANTS INC.

70.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, is the Chief Executive Officer of the defendant, IBM RESTAURANTS INC.

71.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, is an agent of the defendant, IBM RESTAURANTS INC.

72.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, is a member of the defendant, IBM RESTAURANTS INC.

73.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, has the authority over personnel decisions for the defendant, IBM RESTAURANTS INC.

74.     Upon information and belief, and at all times hereinafter mentioned, the defendant VINCENZIO IANNUCCI, has the authority over payroll decisions for the defendant, IBM RESTAURANTS INC.

75.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, supervised employees of the defendant, IBM RESTAURANTS INC.

76.     Upon information and belief, and at all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, has the authority to hire and fire employees for the defendant, IBM RESTAURANTS INC.

77.     At all times hereinafter mentioned, the defendant, VINCENZIO IANNUCCI, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

78.     Defendant, VINCENZIO IANNUCCI, has the power to make binding decisions for defendant, IBM RESTAURANTS INC.

79.     At all times hereinafter mentioned, the activities of the defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

80.     At all times hereinafter mentioned, defendants employed employees, including the plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

## FACTS

81.    Plaintiff, LUCIO L. ALVARES, was an employee of the defendants, working under their direct supervision.

82.    At all times hereinafter mentioned, plaintiff, LUCIO L. ALVARES, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

83.    That from in or about October of 2008 until in or about August of 2010, plaintiff, LUCIO L. ALVARES, worked more than seventy-five (75) hours in most workweeks in which he was employed by the defendants.

84.    Defendants failed to compensate the plaintiff, LUCIO L. ALVARES, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout his employment with the defendants.

85.    Plaintiff, LUCIO VENTURA, was an employee of the defendants, working under their direct supervision.

86.    At all times hereinafter mentioned, plaintiff, LUCIO VENTURA, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

87.    That from in or about 1998 until in or about August of 2010, plaintiff, LUCIO VENTURA, worked more than fifty-five (55) hours in most workweeks in which he was employed by the defendants.

88.     Defendants failed to compensate the plaintiff, LUCIO VENTURA, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendants.

89.     Plaintiff, ANIBAL JERONIMO, was an employee of the defendants, working under their direct supervision.

90.     At all times hereinafter mentioned, plaintiff, ANIBAL JERONIMO, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

91.     That from in or about August of 2009 until in or about May of 2010, plaintiff, ANIBAL JERONIMO, worked more than seventy-five (75) hours in most workweeks in which he was employed by the defendants.

92.     Defendants failed to compensate the plaintiff, ANIBAL JERONIMO, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the entire term of his employment with the defendants.

93.     Plaintiff, CARLOS A. PORTILLO AMAYA, was an employee of the defendants, working under their direct supervision.

94.     At all times hereinafter mentioned, plaintiff, CARLOS A. PORTILLO AMAYA, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

95.     That from in or about October of 2008 until in or about August of 2010, plaintiff, CARLOS A. PORTILLO AMAYA, worked more than seventy-five (75) hours in most workweeks in which he was employed by the defendants.

96. Defendants failed to compensate the plaintiff, CARLOS A. PORTILLO AMAYA, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout his employment with the defendants.

97. Plaintiff, ROBERTO A. ESPERANZA, was an employee of the defendants, working under their direct supervision.

98. At all times hereinafter mentioned, plaintiff, ROBERTO A. ESPERANZA, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

99. That from in or about July of 2006 until in or about August of 2010, plaintiff, ROBERTO A. ESPERANZA, worked more than sixty-five (65) hours in most workweeks in which he was employed by the defendants.

100. Defendants failed to compensate the plaintiff, ROBERTO A. ESPERANZA, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout his employment with the defendants.

101. Plaintiff, JOSE HERNANDEZ MEMBRANO, was an employee of the defendants, working under their direct supervision.

102. At all times hereinafter mentioned, plaintiff, JOSE HERNANDEZ MEMBRANO, was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a workweek.

103. That from in or about October of 2008 until in or about August of 2010, plaintiff, JOSE HERNANDEZ MEMBRANO, worked more than sixty-five (65) hours in most workweeks in which he was employed by the defendants.

13

104.    Defendants failed to compensate the plaintiff, JOSE HERNANDEZ MEMBRANO, for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout his employment with the defendants.

105.    Defendants failed to compensate the plaintiff, LUCIO L. ALVARES, the minimum wage rate.

106.    Defendants failed to compensate the plaintiff, ANIBAL JERONIMO, the minimum wage rate.

107.    Defendants failed to compensate the plaintiff, CARLOS A. PORTILLO AMAYA, the minimum wage rate.

108.    Defendants failed to compensate the plaintiff, ROBERTO A. ESPERANZA, the minimum wage rate.

109.    Defendants failed to compensate the plaintiff, JOSE HERNANDEZ MEMBRANO, the minimum wage rate.

110.    Plaintiff, LUCIO L. ALVARES, worked more than ten (10) hours on most workdays in which he was employed by the defendants.

111.    Defendants failed to compensate the plaintiff, LUCIO L. ALVARES, one (1) hour's pay at the basic minimum wage rate on each day in which he worked in excess of ten (10) hours throughout his employment.

112.    Plaintiff, LUCIO VENTURA, worked more than ten (10) hours on most workdays in which he was employed by the defendants.

113.    Defendants failed to compensate the plaintiff, LUCIO VENTURA, one (1) hour's pay at the basic minimum wage rate on each day in which he worked in excess of ten (10) hours

14

throughout his employment.

114.     Plaintiff, ANIBAL JERONIMO, worked more than ten (10) hours on most workdays in which he was employed by the defendants.

115.     Defendants failed to compensate the plaintiff, ANIBAL JERONIMO, one (1) hour's pay at the basic minimum wage rate on each day in which he worked in excess of ten (10) hours throughout his employment.

116.     Plaintiff, CARLOS A. PORTILLO AMAYA, worked more than ten (10) hours on most workdays in which he was employed by the defendants.

117.     Defendants failed to compensate the plaintiff, CARLOS A. PORTILLO AMAYA, one (1) hour's pay at the basic minimum wage rate on each day in which he worked in excess of ten (10) hours throughout his employment.

118.     Plaintiff, ROBERTO A. ESPERANZA, worked more than ten (10) hours on most workdays in which he was employed by the defendants.

119.     Defendants failed to compensate the plaintiff, ROBERTO A. ESPERANZA, one (1) hour's pay at the basic minimum wage rate on each day in which he worked in excess of ten (10) hours throughout his employment.

120.     Plaintiff, JOSE HERNANDEZ MEMBRANO, worked more than ten (10) hours on most workdays in which he was employed by the defendants.

121.     Defendants failed to compensate the plaintiff, JOSE HERNANDEZ MEMBRANO, one (1) hour's pay at the basic minimum wage rate on each day in which he worked in excess of ten (10) hours throughout his employment.

122.    Defendants made deductions from plaintiff LUCIO L. ALVARES' wages for uniforms.

123.    Defendants made deductions from plaintiff CARLOS A. PORTILLO AMAYA's wages for uniforms.

124.    Defendants made deductions from plaintiff JOSE HERNANDEZ MEMBRANO's wages for uniforms.

125.    Defendants denied plaintiffs time off for meals and breaks.

126.    On numerous occasions, plaintiffs received neither the thirty (30) minute noonday break period during shifts in excess of six (6) hours that extend over the noonday meal period, not the additional twenty (20) minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

## COLLECTIVE ACTION CLAIMS

127.    Upon information and belief, there are approximately more than twenty-five (25) current and former employees that are similarly situated to the plaintiff, LUCIO L. ALVARES, who have been denied overtime premium pay and the minimum wage rate for all hours worked. The plaintiff, LUCIO L. ALVARES, is representative of those other workers who were and currently still are restaurant laborers and is acting on behalf of the defendants' current and former employees' interests as well as his own interests in bringing this action.

128.    Plaintiff, LUCIO L. ALVARES, seeks to proceed as a collective action with regard to the First and Third Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All persons who are currently, or have been employed by the defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who are restaurant laborers.

129.    Former and current employees similarly situated to plaintiff, LUCIO L. ALVARES, are readily identifiable and locatable through use of the defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiff, LUCIO L. ALVARES, who was a general restaurant laborer and who attended to tables for the defendants, and have been unlawfully deprived of overtime premium pay and minimum wages, in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendants.

17

### AS AND FOR A FIRST CAUSE OF ACTION ON
### BEHALF OF PLAINTIFF, LUCIO L. ALVARES,
### AND THE FLSA COLLECTIVE CLASS, AND LUCIO VENTURA,
### ANIBAL JERONIMO, CARLOS A. PORTILLO AMAYA,
### ROBERTO A. ESPERANZA, AND
### JOSE HERNANDEZ MEMBRANO, INDIVIDUALLY,
### FOR FAILURE TO PAY OVERTIME, AN FLSA VIOLATION

130.    Plaintiffs, repeat and reallege each and every allegation contained in paragraphs "1" through "129" of the Complaint, with the same force and effect, as if fully alleged herein.

131.    Defendants employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

132.    The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

133.    The plaintiffs have expressed their consent to make these claims against the defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (See Exhibit "A," annexed hereto).

134.    As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION ON
## BEHALF OF PLAINTIFFS, LUCIO L. ALVARES,
## LUCIO VENTURA, ANIBAL JERONIMO, CARLOS A. PORTILLO AMAYA,
## ROBERTO A. ESPERANZA,
## AND JOSE HERNANDEZ MEMBRANO,
## FOR FAILURE TO PAY OVERTIME,
## A NEW YORK LABOR LAW VIOLATION

135.     Plaintiffs, LUCIO L. ALVAREZ, LUCIO VENTURA, ANIBAL JERONIMO, CARLOS A. PORTILLO AMAYA, ROBERTO A. ESPERANZA, and JOSE HERNANDEZ MEMBRANO, repeat and reallege each and every allegation contained in paragraphs "1" through "134" of the Complaint, with the same force and effect, as if fully alleged herein.

136.     Defendants employed plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of N.Y. Lab. Law.

137.     The complete records concerning the number of hours worked by the plaintiffs as well as the compensation plaintiffs received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiffs are unable to state at this time the exact amount due and owing to them.

138.     By the course of conduct set forth above, defendants have violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 137-1.3.

139.     Defendants have a policy and practice of refusing to pay overtime compensation to the plaintiffs.

140.     Defendants' failure to pay overtime compensation to plaintiffs was willful within the meaning of N.Y. Lab. Law § 663.

19

141.    As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the defendants' unlawful and willful conduct, as the Court deems just and proper.

142.    Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendants as provided by the N.Y. Lab. Law.

**AS AND FOR A THIRD CAUSE OF ACTION ON
BEHALF OF PLAINTIFF, LUCIO L. ALVARES,
AND THE FLSA COLLECTIVE CLASS, AND ANIBAL JERONIMO,
CARLOS A. PORTILLO AMAYA, ROBERTO A. ESPERANZA, AND
JOSE HERNANDEZ MEMBRANO, INDIVIDUALLY
FOR FAILURE TO PAY MINIMUM WAGE,
AN FLSA VIOLATION**

143.    Plaintiffs, LUCIO L. ALVARES, on behalf of himself and the FLSA Collective Class, and ANIBAL JERONIMO, CARLOS A. PORTILLO AMAYA, ROBERTO A. ESPERANZA, and JOSE HERNANDEZ MEMBRANO, individually, repeat and reallege each and every allegation contained in paragraphs "1" through "142" of the Complaint, with the same force and effect, as if fully alleged herein.

144.    At all times relevant to this action, plaintiffs were defendants' employees within the meaning of 29 U.S.C. § 203(e)(1).

145.    At all relevant times, defendants were plaintiffs' employers within the meaning of 29 U.S.C. § 203(d).

146.    At all relevant times, plaintiffs and defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206(a).

147.   At all times relevant, the applicable federal minimum wage is codified by 29 U.S.C. § 206(a)(1).

148.   Defendants willfully failed to pay plaintiffs the minimum wages for hours worked, in violation of Fair Labor Standards Act, 29 U.S.C. § 206(a).

149.   As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION ON
BEHALF OF PLAINTIFFS
LUCIO L. ALVARES, ANIBAL JERONIMO,
CARLOS A. PORTILLO AMAYA, ROBERTO A. ESPERANZA,
AND JOSE HERNANDEZ MEMBRANO, INDIVIDUALLY,
FOR FAILURE TO PAY MINIMUM WAGE,
A NEW YORK LABOR LAW VIOLATION**

150.   Plaintiffs, LUCIO L. ALVAREZ, ANIBAL JERONIMO, CARLOS A. PORTILLO AMAYA, ROBERTO A. ESPERANZA, and JOSE HERNANDEZ MEMBRANO, individually, repeat and re-allege each and every allegation contained in paragraphs "1" through "149" of the Complaint, with the same force and effect, as if fully alleged herein.

151.   At all times relevant to this action, the state minimum wage was $5.15 per hour on and after March 31, 2000; $6.00 per hour on and after January 1, 2005; $6.75 per hour on and after January 1, 2006; $7.15 per hour on or after January 1, 2007; and $7.25 per hour on or after July 24, 2009; as codified by N.Y. Lab. Law § 652(1); 12 N.Y.C.R.R. § 137-1.2.

152.    At all times relevant to this action, the minimum wage for food service worker who receives tips according to the New York State Wage Order for the restaurant industry is: $3.30 per hour on or after March 31, 2000, provided that the tips of such worker, when added to such cash wage, are equal to or exceed $5.15 per hour; $3.85 per hour on or after January 1, 2005, provided that the tips of such worker, when added to such cash wage, are equal to or exceed $6.00 per hour; $4.35 per hour on or after January 1, 2006, provided that the tips of such worker, when added to such cash wage, are equal to or exceed $6.75 per hour; $4.60 per hour on or after January 1, 2007, provided that the tips of such worker, when added to such cash wage, are equal to or exceed $7.15 per hour; and $4.65 per hour on or after July 24, 2009, provided that the tips of such worker, when added to such cash wage, are equal to or exceed $7.25 per hour, as codified by the N.Y. Lab. Law § 137-1.5.

153.    Defendants willfully violated plaintiffs' rights by failing to pay plaintiffs the minimum wage for all hours of work performed each week, in violation of N.Y. Lab. Law § 650 *et seq*.

154.    Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid regular wages, liquidated damages, reasonable attorneys' fees, and costs of this action pursuant to N.Y. Lab. Law § 663(1).

## AS AND FOR A FIFTH CAUSE OF ACTION ON
## BEHALF OF PLAINTIFFS
## FOR VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR,
## A NEW YORK LABOR LAW VIOLATION

155.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1"

through "154"of the Complaint, with the same force and effect, as if fully alleged herein.

156.    Defendants failed to pay plaintiffs one (1) additional hour pay at the basic minimum

wage rate before allowances for each day plaintiffs' spread of hours exceeded ten (10) hours, in

violation of N.Y. Lab. Law §§ 190, *et seq.* & 650, *et seq.*, as codified by 12 N.Y.C.R.R. § 137-1.7.

157.    Defendants failed to pay plaintiffs in a timely fashion, as required by Article 6 of the

N.Y. Lab. Law.

158.    Defendants' failure to pay plaintiffs an additional hour pay for each day plaintiffs'

spread of hours exceeded ten (10) was willful within the meaning of N.Y. Lab. Law § 663.

159.    As a result of the foregoing, plaintiffs have been injured, and defendants have profited

thereby, in an amount to be proven at trial.

23

**AS FOR THE SIXTH CAUSE OF ACTION ON
BEHALF OF PLAINTIFFS LUCIO L. ALVARES,
CARLOS A. PORTILLO AMAYA AND
JOSE HERNANDEZ MEMBRANO
FOR UNLAWFUL WAGE DEDUCTION**

160.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs "1"

through "159" of the Complaint, with the same force and effect, as if fully alleged herein.

161.    Defendants knowingly, willfully, and intentionally violated N.Y. Lab. Article 6, § 193

and 12 N.Y.C.R.R. § 137-1.8 when defendants made deductions from the plaintiffs wages by

removing a portion of plaintiffs' wage for "uniforms" thereby unlawfully reducing the wages of the

plaintiffs.

162.    Due to defendants' violations of the N.Y. Lab., plaintiffs are entitled to recover from

defendants their full wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment

interest.

**JURY DEMAND**

163.    Plaintiffs herein demand a trial by jury for all issues in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, LUCIO L. ALVARES, on behalf of himself and the FLSA Collective Class, and LUCIO VENTURA, ANIBAL JERONIMO, CARLOS A. PORTILLO AMAYA,ROBERTO A. ESPERANZA, and JOSE HERNANDEZ MEMBRANO, individually, on the first cause of action:

     a.    Judgment against defendants for plaintiffs' unpaid back wages at the applicable overtime rate;

     b.    An equal amount to the overtime wage damages as liquidated damages;

     c.    Judgment against defendants that their violations of the FLSA were willful;

     d.    To the extent liquidated damages are not awarded, an award of prejudgment interest;

     e.    All costs and attorneys' fees incurred prosecuting these claims; and

     f.    For such further relief as the Court deems just and equitable.

WHEREFORE, plaintiffs pray for the following relief as follows, on the second cause of action:

     a.    Judgment against defendants for an amount equal to plaintiffs' unpaid back wages at the applicable overtime rate;

     b.    Liquidated damages at the applicable rate;

     c.    All costs and attorneys' fees incurred in prosecuting these claims; and

     d.    For further relief as this Court deems just and equitable.

WHEREFORE, plaintiffs, LUCIO L. ALVARES, on behalf of himself and the FLSA Collective Class, and ANIBAL JERONIMO, CARLOS A. PORTILLO AMAYA, ROBERTO A. ESPERANZA, and JOSE HERNANDEZ MEMBRANO, individually, respectfully request that they be awarded the following relief, on the third cause of action:

    a.    Judgment against defendants for plaintiffs' unpaid back wages at the applicable rate;

    b.    An equal amount to the wage damages as liquidated damages;

    c.    Judgment against defendants that their violations of the FLSA were willful;

    d.    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e.    All costs and attorneys' fees incurred prosecuting these claims; and

    f.    For such further relief as the Court deems just and equitable.

WHEREFORE, plaintiffs LUCIO L. ALVARES, ANIBAL JERONIMO, CARLOS A. PORTILLO AMAYA, ROBERTO A. ESPERANZA, and JOSE HERNANDEZ MEMBRANO pray for the following relief as follows, on the fourth cause of action:

    a.    Judgment against defendants for an amount equal to plaintiffs' unpaid back wages at the applicable overtime rate;

    b.    Liquidated damages at the applicable rate;

    c.    All costs and attorneys' fees incurred in prosecuting these claims; and

    d.    For further relief as this Court deems just and equitable.

WHEREFORE, plaintiffs pray for the following relief as follows, on the fifth cause of action:

a.   Judgment against defendants for an amount equal to plaintiffs' unpaid back wages;

b.   All costs and attorneys' fees incurred in prosecuting these claims;

c.   Liquidated damages at the applicable rate; and

d.   For further relief as this Court deems just and equitable.


WHEREFORE plaintiffs, LUCIO L. ALVARES, CARLOS A. PORTILLO AMAYA and

JOSE HERNANDEZ MEMBRANO, pray for the following relief, on the sixth cause of action:

a.   Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Article 6 § 190 *et seq.*;

b.   Appropriate monetary relief;

c.   Compensatory damages in an amount to be determined at trial;

d.   All costs and attorneys' fees incurred prosecuting these claims; and

e.   For such further relief as the Court deems just and equitable.

Dated: Melville, New York
       November 3, 2010

                              Yours, etc.,
                              SHULMAN KESSLER LLP


                              By: _____
                                   Troy L. Kessler, Esq. (TK-4793)
                                   *Attorneys for Plaintiffs and the*
                                   *Putative Collective Class*
                                   510 Broadhollow Road, Suite 110
                                   Melville, New York 11747
                                   (631)499-9100
                                   tk@shulmankessler.com

27

**EXHIBIT "A"**

**IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,**
**PLAINTIFF CONSENT FORM**

I hereby consent to join the lawsuit against IBM RESTAURANT INC., d/b/a MANGIAMO et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

I hereby designate Shulman Kessler LLP to represent me in the suit.

_____
Signature

_____
Print Name

_____
Address

_____
City, State and Zip Code

**FORMA DE CONSENTIMIENTO DE DEMANDANTE**
**IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,**

por este medio consiento para afiliarme al pleito contra IBM RESTAURANT INC., d/b/a MANGIAMO, y. Al-., para afirmar reclamaciones contra ellos para violaciones del Acto de Estándares de Trabajo Justo, 29 Congreso de los Estados Unidos § 201, *et seq.*

Por este medio designo a Shulman Kessler LLP para representarme en el pleito.

_Lucio L Alvares_
Firma

_Lucio L Alvares_
Nombre en Letra

_54 E. Pulaski Rd. Apt 1_
Dirección

_Huntington Station, NY 11746_
Ciudad, Estado y Código Postal

**IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,**
**PLAINTIFF CONSENT FORM**

I hereby consent to join the lawsuit against IBM RESTAURANT INC., d/b/a MANGIAMO et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

I hereby designate Shulman Kessler LLP to represent me in the suit.

_____
Signature

_____
Print Name

_____
Address

_____
City, State and Zip Code

**FORMA DE CONSENTIMIENTO DE DEMANDANTE**
**IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,**

por este medio consiento para afiliarme al pleito contra IBM RESTAURANT INC., d/b/a MANGIAMO, y. Al-., para afirmar reclamaciones contra ellos para violaciones del Acto de Estándares de Trabajo Justo, 29 Congreso de los Estados Unidos § 201, *et seq.*

Por este medio designo a Shulman Kessler LLP para representarme en el pleito.

*Lucio E Ventura*
Firma

*Lucio E Ventura*
Nombre en Letra

*179 Post Ave . Apt 5*
Dirección

*Westbury, NY 11590*
Ciudad, Estado y Código Postal

## IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against IBM RESTAURANT INC., d/b/a MANGIAMO et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

I hereby designate Shulman Kessler LLP to represent me in the suit.

_____
Signature

_____
Print Name

_____
Address

_____
City, State and Zip Code

## FORMA DE CONSENTIMIENTO DE DEMANDANTE
## IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,

por este medio consiento para afiliarme al pleito contra IBM RESTAURANT INC., d/b/a MANGIAMO, y. Al-., para afirmar reclamaciones contra ellos para violaciones del Acto de Estándares de Trabajo Justo, 29 Congreso de los Estados Unidos § 201, *et seq.*

Por este medio designo a Shulman Kessler LLP para representarme en el pleito.

_____ *aníbal Jeronimo* _____
Firma

*Anibal Jeronimo*
Nombre en Letra

*108 Fairground Ave.*
Dirección

*Huntington Station, NY 11746*
Ciudad, Estado y Código Postal

## IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL., PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against IBM RESTAURANT INC., d/b/a MANGIAMO et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

   I hereby designate Shulman Kessler LLP to represent me in the suit.

_____
Signature

_____
Print Name

_____
Address

_____
City, State and Zip Code

## FORMA DE CONSENTIMIENTO DE DEMANDANTE IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,

por este medio consiento para afiliarme al pleito contra IBM RESTAURANT INC., d/b/a MANGIAMO, y. Al-., para afirmar reclamaciones contra ellos para violaciones del Acto de Estándares de Trabajo Justo, 29 Congreso de los Estados Unidos § 201, *et seq.*

   Por este medio designo a Shulman Kessler LLP para representarme en el pleito.

_____
Firma

*cayeso ALBERIO Portillo*
Nombre en Letra

*8 E. Maple St.*
Dirección

*Central Islip, NY 11722*
Ciudad, Estado y Código Postal

**IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,**
**PLAINTIFF CONSENT FORM**

I hereby consent to join the lawsuit against IBM RESTAURANT INC., d/b/a MANGIAMO et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

    I hereby designate Shulman Kessler LLP to represent me in the suit.

_____
Signature

_____
Print Name

_____
Address

_____
City, State and Zip Code

**FORMA DE CONSENTIMIENTO DE DEMANDANTE**
**IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,**

por este medio consiento para afiliarme al pleito contra IBM RESTAURANT INC., d/b/a MANGIAMO, y. Al-., para afirmar reclamaciones contra ellos para violaciones del Acto de Estándares de Trabajo Justo, 29 Congreso de los Estados Unidos § 201, *et seq.*

    Por este medio designo a Shulman Kessler LLP para representarme en el pleito.

_____
Firma

_Roberto A. Esperanza_
Nombre en Letra

_Roberto A. Esperanza_
Dirección

_23-6th   Huntington Station_
Ciudad, Estado y Código Postal

**IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,**
**PLAINTIFF CONSENT FORM**

I hereby consent to join the lawsuit against IBM RESTAURANT INC., d/b/a MANGIAMO et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

I hereby designate Shulman Kessler LLP to represent me in the suit.

_____
Signature

_____
Print Name

_____
Address

_____
City, State and Zip Code


**FORMA DE CONSENTIMIENTO DE DEMANDANTE**
**IBM RESTAURANT INC., d/b/a MANGIAMO, ET AL.,**

por este medio consiento para afiliarme al pleito contra IBM RESTAURANT INC., d/b/a MANGIAMO, y. Al-., para afirmar reclamaciones contra ellos para violaciones del Acto de Estándares de Trabajo Justo, 29 Congreso de los Estados Unidos § 201, *et seq.*

Por este medio designo a Shulman Kessler LLP para representarme en el pleito.

_____
Firma

_____
Jose Hernandez Membrano
Nombre en Letra

_____
2 6th Avenue
Dirección

_____
Huntington Station NY 11746
Ciudad, Estado y Código Postal