UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LUCIO L. ALVAREZ, on behalf of himself and
all other similarly situated, LUCIO VENTURA,
ANIBAL JERONIMO, CARLOS A.
PORTILLO AMAYA, ROBERTO A.           **MEMORANDUM OF**
ESPERANZA, and JOSE HERNANDEZ        **DECISION AND ORDER**
MEMBRANO, individually,              10-CV-5098 (ADS)(WDW)

        Plaintiffs,

    -against-

IBM RESTAURANTS INC., d/b/a/
MANGIAMO, ROGER BEDOIAN, an
individual, DANIEL IANNUCCI, an individual,
and VINCENZO IANNUCCI an individual,

        Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Shulman Kessler LLP**
*Attorneys for the Plaintiffs*
510 Broadhollow Road, Suite 110
Melville, NY 11747
    By: Troy L. Kessler, Esq.
        Ilan Weiser, Esq., Of Counsel

**Tosolini, Lamura, Rasile & Toniutti LLP**
*Attorneys for the Defendants IBM Restaurants, Daniel Iannucci, and Vincenzo Iannucci*
350 5th Avenue, 59th Fl.
New York, NY 10018
    By: Rocco Lamura, Esq., Of Counsel

**NO APPEARANCE**

Roger Bedoian

**SPATT, District Judge.**

    The Plaintiffs Lucio Alvarez, Lucio Ventura, Anibal Jeronimo, Carlos A. Portillo Amaya,

Roberto A. Esperanza, and Jose Hernandez Membrano ("the Plaintiffs"), filed a putative

collective action suit against IBM Restaurants, Roger Bedoian, Daniel Iannucci, and Vincenzo Iannucci under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the New York State Labor Law ("N.Y. Labor Law"), to recover unpaid overtime and minimum wage compensation. The Plaintiffs now move for conditional certification of the class for the collective action and to facilitate notice under 29 U.S.C. §216(b). The Defendants oppose the motion.

For the reasons set forth below, the Court grants Plaintiffs' motion for conditional certification of a class consisting of all persons employed by the Defendants in the last three years and the parties are directed to submit a revised Notice of Pendency.

## I. BACKGROUND

The Plaintiffs are employees who worked for Defendants IBM Restaurants d/b/a Mangiamo, Roger Bedoian, Daniel Iannucci, and Vincenzo Iannucci (collectively "the Defendants"). The Plaintiffs' responsibilities included serving and preparing food, busing tables and general cleaning on behalf of the Defendants. Plaintiff Lucio Alvarez was employed by the Defendants from in or about October 2008 until in or about August 2010. Plaintiff Lucio Ventura was employed by the Defendants either from in or about 1998 until in or about August 2010 (according to the Plaintiffs) or from in or about January 2001 to in or about August 2010 (according to Defendants). Plaintiff Anibal Jeronimo was employed by the Defendants either from in or about August 2009 until in or about May 2010 (according to the Plaintiffs) or in or about March 2009 to in or about September 2009 (according to the Defendants). Plaintiff Carlos A. Portillo Amaya was employed by the Defendants from in or about March 2008 until in or about July 2010. Plaintiff Roberto A. Esperanza was employed by the Defendants from in or about July 2006 until in or about August 2010. Plaintiff Jose Hernandez Membrano was

employed by the Defendants either from in or about August 2006 until in or about August 2010 (according to the Plaintiffs) or from in or about October 2008 to in or about August 2010 (according to the Defendants).

On November 4, 2010, the Plaintiffs commenced the present suit as a putative collective action against the Defendants. In their complaint, the Plaintiffs allege that during the period of their employment, they were subjected to a policy and practice requiring them to work in excess of forty hours per week without adequate compensation under the federal overtime pay and minimum wage laws. The Plaintiffs allege that other laborers working for the Defendants were similarly deprived of lawful pay.

On March 26, 2011, this Court granted a default judgment against Defendant Roger Bedoian for failure to appear. On July 21, 2011, the Plaintiffs moved to certify the collective action class to recover overtime pay under the FLSA and N.Y. Labor Law, and to facilitate notice under 29 U.S.C. §216(b). The Plaintiffs named as a class for the collective action "every person employed by the defendants, beginning six (6) years from the commencement of this lawsuit." (Pl. Mem. in Support at 8.) The Defendants oppose the conditional certification and argue that if conditional certification is to be granted, it should only be granted to persons employed by the Defendants in the last two years.

## II. DISCUSSION

### A. Legal Standard

28 U.S.C. § 216(b) provides that parties suing for relief under 28 U.S.C. §§ 206, 207, and 215(a)(3) may proceed "for and in behalf of himself or themselves and other employees similarly situated." A proceeding under this provision is traditionally termed a "collective action." Here,

3

the Plaintiffs seek relief pursuant to Section 207 of the FLSA, which governs overtime compensation. Thus, the collective action provision of Section 216(b) is applicable.

A collective action under Section 216 is distinguishable in several ways from the more common class action under Rule 23 of the Federal Rules of Civil Procedure. First, a collective action requires class members to opt into the case, rather than opt out. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007). In addition, a party seeking conditional certification of a collective action need not demonstrate the Rule 23 requirements of numerosity, commonality, typicality, and adequacy of representation. See Levinson v. Primedia Inc., No. 02-CV-2222, 2003 WL 22533428, at *1 (S.D.N.Y. Nov. 6, 2003) ("The strict requirements of Rule 23 of the Federal Rules of Civil Procedure do not apply to FLSA "collective actions," and thus no showing of numerosity, typicality, commonality and representativeness need be made." (citing Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

**1. Two Step Certification Approach**

Certification of a collective action class is analyzed through a two step approach. The first step, called conditional certification, is generally completed prior to the commencement of any significant discovery. Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). Once a court conditionally certifies a collective action, it may then facilitate notice to all of the putative class members by approving a notice form. Id., 491 F. Supp. 2d at 367 (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).

The second step in collective action certification generally arises only after discovery is completed, and only if it appears that some or all members of a conditionally certified class are

not similarly situated. In that case, a defendant may move to challenge certification, at which point a court will conduct a more searching factual inquiry as to whether the class members are truly similarly situated. Id.

### 2. Similarly Situated

The FLSA and its subsequent implementing regulations do not define the term "similarly situated." However, the prevailing jurisprudence in this district is to apply a lenient evidentiary standard. See Lujan v. Cabana Management, Inc., No. 10-CV-755, 2011 WL 317984, at *4 (E.D.N.Y. Feb. 1, 2011) ("at the notice stage, however, courts in this circuit apply a lenient standard"); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) (the plaintiff must only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."); see also Doucoure v. Matlyn Food Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008); Laroque, 557 F. Supp. 2d at 352 ("At this preliminary stage, plaintiffs can satisfy their burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."" (quoting Hoffmann v. Sbarro Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Even the Third Circuit authority relied upon by the Defendants stressed that "this is an extremely lenient standard." Smith v. Sovereign Bancorp Inc., No. 03-CV-2420, 2003 WL 22701017, at *3 (E.D. Pa. Nov. 13, 2003).

The Court must merely find ""some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims" of a particular practice." Sbarro, 982 F. Supp. at 261 (quoting Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)); see Schwed v. General Electric Co., 159 F.R.D. 373, 375–76 (N.D.N.Y. 1995)

("plaintiffs need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist").

**B. As to Conditional Certification**

In the instant case, the Plaintiffs are moving for conditional certification of the collective action class. The Defendants make several arguments asserting that conditional certification should be denied. First, the Defendants insist that in order to obtain conditional certification, the Plaintiffs must demonstrate a likelihood of success on the merits. However, the well-established standard in this circuit is "fairly lenient." Iglesias-Mendoza, 239 F.R.D. at 367 (internal quotations and citations omitted). At the conditional certification stage, courts merely require "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Laroque v. Domino's Pizza LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008) (quoting Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001)).

The Plaintiffs in the present case have met this low evidentiary bar. They have provided seven affidavits which describe a common policy of the Defendants to require their employees to work overtime without providing adequate compensation. (See Pl. Ex. D, ¶ 6-9; Pl. Ex. E, ¶ 6-10; Pl. Ex. F, ¶ 6-10; Pl. Ex. G, ¶ 6-10; Pl. Ex. H, ¶ 6-10; Pl. Ex. I, ¶ 6-10; Pl. Ex. J, ¶ 6-10). The Plaintiffs' affidavits describe their own common circumstances, such as working hours in excess of 40 per week and not receiving overtime pay. (See Pl. Ex. D, ¶ 6, 9-10; Pl. Ex. E, ¶ 6, 9-10; Pl. Ex. F, ¶ 6, 9-10; Pl. Ex. G, ¶ 6, 9-10; Pl. Ex. H, ¶ 6, 9-10; Pl. Ex. I, ¶ 6, 9-10; Pl. Ex. J, ¶ 6, 9-10).

As a second argument, the Defendants assert that the Plaintiffs' affidavits do not identify other employees. However, the Plaintiffs' affidavits do in fact specifically name other employees who they claim have been subject to a similar policy, such as Facto Sorto, Jose Arturo

Guevara and Milton Campos. (See Pl. Ex. E, ¶ 11; Pl. Ex. F, ¶ 11; Pl. Ex. G, ¶ 11; Pl. Ex. H, ¶ 11; Pl. Ex. I, ¶ 11). Courts in this district have found the submitted affidavits sufficient where the plaintiffs have discussed the issue with co-workers and found that they were similarly underpaid. See, e.g., Moore v. Eagle Sanitation Inc., 276 F.R.D. 54, 57 (E.D.N.Y. 2011); Lujan, 2011 WL 317984, at *1.

Moreover, the Defendants argue that the Plaintiffs did not provide sufficient factual evidence in support of certification. The Court disagrees. Courts in this District routinely grant conditional certification where the plaintiffs submit only affidavits from the named plaintiffs. Rosario v. Valentine Avenue Discount Store, Co., Inc., No. 10-CV-5255, 2011 WL 5244965, at *5 (E.D.N.Y. Nov. 2, 2011); See, e.g., Moore, 276 F.R.D. at 59; Cano v. Four M Food Corp., No. 08-CV-3005, 2009 WL 5710143, at *6 (E.D.N.Y. Feb. 3, 2009) (granting certification based on "statements setting forth defendants' common denial of overtime pay, the named plaintiffs' personal knowledge of and the names of other co-workers who were allegedly subject to the same denial of overtime pay, and the opt-in plaintiffs' affidavits attesting to the same"); Wraga v. Marble Lite, Inc., No. 05-CV-5038, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) ("Courts routinely grant such motions based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees.").

In their next argument, the Defendants cite Ninth Circuit authority in support of their assertion that the Plaintiffs' "generic" affidavits are insufficient. Pfohl v. Farmers Ins. Group, No. 03-CV-3080, 2004 WL 554834 (C.D. Cal. Mar. 1, 2004). Although the Defendants' authority is not binding in this district, Pfohl is nonetheless distinguishable. The Court in Pfohl was applying this standard in the second stage of certification, when discovery was largely

7

complete. Id., at *3. As the Pfohl court noted, during the first stage, "[b]ecause of the minimal evidence at this stage, this determination is made based on a fairly lenient standard." Id. at *2.

Furthermore, the Defendants assert that Plaintiffs' claim is that "Defendant IBM's common plan was not to pay overtime and/or minimum wage, [and this] cannot be defined as a common plan of Defendant IBM." (Def. Mem. in Opp. at 16). The Court understands the Defendants' contention to be that the Plaintiffs must allege and prove a more particular and detailed plan on the part of the Defendants rather than the broad plan of simply not paying overtime wages. This contention is without merit. A policy that requires employees to work overtime without compensation certainly qualifies as a common policy or plan under the FLSA. Numerous courts in this Circuit have granted conditional certification on precisely those grounds. See, e.g., Rosario, 2011 WL 5244965, at *7 (the Plaintiffs demonstrated "a common policy or plan of denying minimum wages and overtime compensation"); Wraga, 2006 WL 2443554, at *2 (the Plaintiff "describes a policy by which Defendants required their employees to work in excess of 40 hours per week without paying them overtime as required by the FLSA."); Cano, 2009 WL 5710143, at *1 (the Plaintiffs claimed to be "subjected to a policy and practice of requiring them to work in excess of forty (40) hours per week, without providing proper payment for overtime.").

To support their opposition, the Defendants repeatedly point to the numerous payroll records and affidavits from IBM employees that they have provided which they claim contradict the Plaintiffs' allegations. However, in finding that the Plaintiffs have made the required substantial allegations, the Court need not decide the merits of those allegations at the conditional certification stage. Lujan v. Cabana Management, Inc., 2011 WL 317984, at *7. The existence of individual defenses to each of the Plaintiffs' claims does not preclude the

8

granting of conditional certification. Sexton v. Franklin First Fin., Ltd., No. 10-CV-755, 2009 WL 1706535, at *8–9 (E.D.N.Y. Feb. 1, 2009); see also Searson v. Concord Mortgage Corp., No. 07-CV-3909, 2009 WL 3063316, at *5–6 (E.D.N.Y. Sept. 24, 2009) ("When conducting an initial determination for class certification, the court does not look to [Defendant's] individual defenses because that inquiry is properly addressed in the second stage of certification."); Summa v. Hofstra Univ., No. 07-CV-3307, 2008 WL 3852160, at *5 (E.D.N.Y. Aug. 14, 2008) ("Such factual determinations will be addressed at the second stage of the certification process after the completion of discovery."). The Court retains the discretion to decertify the class during the second stage of the certification process if the Defendants' defenses and contrary evidence so warrant. Lujan, 2011 WL 317984 at *7.

The Defendants cite Eleventh Circuit authority in support of their assertion that the Plaintiffs must provide "affidavits which successfully engage defendants' affidavits to the contrary." Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). The Defendants additionally cite Fifth Circuit authority insisting that "unsupported generic [are] assertions not sufficient for the issuance of the Notice." (Def. Mem. in Opp., 16-17 (citing H&R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (quoting Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392 (D.N.J. 1988))).) Although the Court notes that neither authority is binding in this district, the Plaintiffs would nonetheless meet the Eleventh and Fifth Circuit's heightened standard. The Plaintiffs have made "detailed allegations in their pleadings, and have supported those allegations with affidavits which successfully engage the Defendants' affidavits to the contrary." Sperling, 118 F.R.D. at 406. The Plaintiffs' affidavits describe a single decision, policy, or plan of the Defendants to require their workers to work overtime hours without compensation. The Plaintiffs' affidavits directly counter the claims made by the Defendants'

9

affidavits to the contrary. The Court need not make a factual determination as to whose claims are meritorious at this time. In H&R Block, the Plaintiffs had failed to identify potential plaintiffs or submit affidavits of potential plaintiffs. 186 F.R.D. at 400. Here, the Plaintiffs have done both.

Based on the above, the Court is satisfied that the Plaintiffs have met the "fairly lenient standard" required for conditional class certification.

**C. As to the Notice of Pendency**

The Plaintiffs have submitted with their motion a proposed notice form to be sent to the potential class members. The Plaintiffs request that the Court approve this form, and also request that the Defendants be ordered to produce the names, telephone numbers and last known physical addresses of all persons employed by the Defendants within six years prior to the commencement of this action.

The parties dispute the appropriate length of the notice period for the Notice of Pendency. Although the FLSA has a three-year statute of limitations on willful violations that would entitle the Plaintiffs to the requested information from November 4, 2007 to the present, the Plaintiffs request information beginning November 4, 2004 based on their related N.Y. Labor Law claim for overtime pay, which has a six-year statute of limitations. The Defendants would restrict the notice period to the two year statute of limitations imposed by the FLSA for non-willful violations. For the reasons articulated below, the Court limits the notice period to three years.

Although some courts in the Eastern District of New York authorize a six year notice period in cases where the plaintiffs are seeking relief under both the FLSA and the N.Y. Labor Law, "the growing trend in this district appears to be limiting the notice period to three years." McBeth v. Gabrielli Truck Sales, Ltd., No. 09-CV-04112, 2011 WL 338123, at *3 (E.D.N.Y.

Feb. 3, 2011) (collecting cases). Recent cases authorizing a six year notice period have done so on the grounds of judicial economy when "the number of potential plaintiffs is not large." Klimchak v. Cardrona, Inc., No. 09-CV-04311, 2011 WL 1120463, at *7 (E.D.N.Y. Mar. 24, 2011); see also Avila v. Northport Car Wash, Inc., No. 10-CV-2211, 2011 WL 833642, at *5 (E.D.N.Y. Mar. 10, 2011) (granting certification for a six year period where "the number of Plaintiffs and potential plaintiffs as represented does not appear to be very large"). However, because the parties chose not to address the size of the potential class in their respective memorandums, the Court does not see any reason to deviate from the three year notice period.

Ultimately, the Court agrees with the rationale in Lujan v. Cabana Management, Inc., No. 10-CV-755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) that there is "no purpose" in sending an FLSA collective action notice to time-barred employees "informing them that (1) there is a pending opt-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification." 2011 WL 317984, at *9. As Lujan notes, employees who have only state law claims under N.Y. Labor Law will not be prejudiced by deferring notice until Rule 23 class certification, as the statute of limitations is suspended by commencement of a class action until class certification is denied. 2011 WL 317984, at *9 n. 14; see Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 353, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983) (citing American Pipe & Cont. Co. v. Utah, 414 U.S. 538, 554, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974)). To the extent the Plaintiffs seek to provide notice to potential plaintiffs that fall outside of the putative FLSA class, but may have claims under the N.Y. Labor Law, they must follow the discovery and notice procedures applicable to class actions under the Federal Rules of Civil Procedure.

The FLSA has a statute of limitations of three years for willful violations and two years for non-willful violations. The Plaintiffs have alleged willfulness in their Complaint (Compl. at ¶ 131), and the Defendants deny these allegations. Courts in this circuit have generally held that where willfulness is in dispute, a three year statute of limitations applies at the conditional certification stage. McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp. 2d 396, 399 (E.D.N.Y. 2011) (citing Iglesias–Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007)).

As such, the parties are directed to submit a revised notice of pendency limiting the notice period to three years. Additionally, the revised notice should change the phrase "THIS NOTICE AND CONTENTS HAVE BEEN APPROVED BY THE FEDERAL COURT." to "THIS NOTICE AND CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL COURT. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR THE DEFENDANTS' DEFENSES." Furthermore, the notice of pendency should be revised to also include "Mangiamo's" current name, "Bel Pesto."

Lastly, the Court notes that the Plaintiffs allege minimum wage violations in addition to overtime pay violations in their complaint, but do not mention minimum wage violations in their notice of motion or memorandum of law. To the extent to which the Plaintiffs wish to include minimum wage claims in their proposed class action, they should include this in the revised notice of pendency.

The Court directs the parties to submit the proposed Notice of Pendency to the Court within ten days of the date of this order.

As a final note, in their opposition, the Defendants seek the removal of Defendants Daniel and Vincenzo Iannucci. The Court will not consider this claim at this time. If the

Defendants wish to pursue it, they must do so through a formal motion pursuant to the Court's individual practices and rules.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the class proposed by the Plaintiffs to proceed pursuant to 28 U.S.C. 216(b) is conditionally certified; and it is further

**ORDERED** that the parties submit a revised Notice of Pendency within ten (10) days of the issuance of this Order; and it is further

**ORDERED** that the Defendants shall produce to the Plaintiffs a list of the names and physical address of the putative class members who were employed by the Defendants from November 4, 2007 to the present within twenty (20) days of the issuance of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
March 15, 2012

                                                                               _/s/ Arthur D. Spatt_
                                                                               ARTHUR D. SPATT
                                                                       United States District Judge

.